UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

MILTON D. THORPE,

                              Plaintiff,

   v.                                      Civil Action No. 3:10–CV–797

MECHANICSVILLE CONCRETE, LLC,

                              Defendant.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on the Motion for Leave to File Amended Complaint (ECF No. 29) and Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment (ECF No. 33) filed by Plaintiff Milton D. Thorpe. For the reasons stated below, the Court will deny the motion for leave to file and grant the motion to extend.

**I.  PROCEDURAL BACKGROUND**

Thorpe filed this employment discrimination action against Mechanicsville Concrete, LLC, d/b/a Powhatan Ready Mix, on October 29, 2010. The Court held a pretrial conference on January 27, 2011, and the matter was set for trial on July 6. Per their request, the parties were referred to United States Magistrate Judge Dennis W. Dohnal for settlement discussions. Approximately one month after the March 31 settlement conference, counsel for the Plaintiff filed a motion to withdraw. He stated that his withdrawal was necessitated by Rule 1.16 of the Virginia Rules of Professional Conduct, which permits withdrawal when the client persists in a direction that is illegal, unjust,

1

repugnant, or imprudent or when the client has made representation "unreasonably difficult." The Court granted that motion on May 5. The Plaintiff proceeded *pro se* while he obtained new counsel.

Pursuant to the Court's Scheduling and Jury Pretrial Order ("Scheduling Order"), discovery ended on May 26. The Defendant filed a motion for summary judgment on May 27, forty days before the July 6 trial date. The Court directed the parties to appear at a July 6 hearing on the summary judgment motion and continued the trial date pending resolution of that motion. On June 20, the Plaintiff's current counsel noticed an appearance and filed a motion for extension of time to file a response to the summary judgment motion. The Defendant did not oppose that motion. On June 28, the Court granted the motion for extension of time and directed the Defendant to file his response within thirty days.

The Plaintiff responded with a Motion to Continue Summary Judgment on July 15 and the pending Motion for Leave to File Amended Complaint on July 20 (ECF No. 29). Because the two motions were incompatible, the Court denied as moot the motion to continue and notified the Plaintiff that his response to the summary judgment motion was due within thirty days of the previous order. The Plaintiff then filed the pending motion to extend time to respond (ECF No. 33).

The Defendant has filed oppositions to both the motion for leave and the motion to extend time. The Plaintiff replied to both responses, and the motions are ripe for the Court's consideration. Neither party has requested a hearing on these motions. After examining the record and the memoranda filed by both parties, the Court finds that oral argument is unnecessary because the facts and contentions are adequately presented and oral argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J).

## II. **LEGAL STANDARD**

Under Rule 15 of the Federal Rules of Civil Procedure, a party must request leave of court to amend a complaint more than twenty-one days after service of the complaint, a responsive pleading, or a Rule 12(b), (e), or (f) motion challenging the complaint. Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave when justice so requires." *Id.* A court may deny leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

If a proposed amendment would interfere with an established scheduling order, a court may grant the motion "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When considering whether a movant has shown good cause for an untimely amendment, a court should primarily consider the movant's diligence. *Montgomery v. Anne Arundel County, Maryland*, 182 Fed. App'x 156, 162 (4th Cir. 2006) (unpublished per curiam opinion). "Courts are appropriately suspicious of motions for leave to amend that appear to be motivated by a desire to defeat a motion for summary judgment." *Mackie v. Jewish Foundation for Group Homes*, DKC 10–0952, 2011 WL 1770043, at *10 (D. Md. May 9, 2011).

## III. **DISCUSSION**

The Plaintiff asks the Court to grant him leave to file an amended complaint so that he may provide more factual details and add two new causes of action. The Defendant opposes the motion for leave, arguing that the Defendant has failed to show good cause under Rule 16(b)(4) and that amendment at this stage of litigation is highly prejudicial to

the Defendant. The Plaintiff contends that because no provision in the Scheduling Order sets a specific deadline for amendments, the good-cause showing required by Rule 16(b)(4) is not applicable here. He argues that he meets the more lenient Rule 15(a)(2) standard because the Defendant would experience little prejudice as a result of the proposed amendment and because "fairness and justice require that the amended complaint be allowed." (Reply, ECF No. 41, at 3).

The Plaintiff must show good cause for the proposed amendment. In *Nourison Rug Corporation v. Parvisian*, the Fourth Circuit held that "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." 535 F.3d 295, 298 (4th Cir. 2008). The Plaintiff, who argues that he does not need to show good cause to amend the pleadings because this Court's Scheduling Order does not include a separate statement setting a deadline for amendments, misses the point. The Court's Scheduling Order clearly anticipates steady progress toward trial, with discovery closing forty-one days prior to the trial date and summary judgment motions due the following day. It would make little sense to "strictly observe" these time limits but liberally grant plaintiffs leave to amend their complaints. (*See* Scheduling Order, ECF No. 10, ¶ 21 ("Counsel are advised that all time limits and restrictions outlined herein shall be <u>strictly observed</u>.")). The Plaintiff's proposed amendments would further disrupt the Court's Scheduling Order and the deadlines that the Court has set; accordingly, he must show good cause to justify leave to amend.

The Plaintiff has failed to show good cause for the amendment. Although his current counsel wishes to proceed in a different direction from his previous counsel, that does not justify the request to essentially start this litigation anew. Because "a party voluntarily

4

chooses his attorney as his representative in the action, . . . he cannot later 'avoid the consequences of the acts or omissions of this freely selected agent.'" *Robinson v. Wix Filtration Corp.* LLC, 599 F.3d 403, 409 (4th Cir. 2010) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)); *also Sall v. Bounassissi*, DKC 10–2245, 2011 WL 2791254, at *3 (D. Md. July 13, 2011) ("Nor does the entry of new counsel, standing alone, justify a finding of good cause."). Thus, the Plaintiff cannot rely solely on the change in representation to justify the untimely motion for leave to amend.

Even if the Court were to apply the more lenient Rule 15(a)(2) standard, the Plaintiff has failed to show that justice requires granting him leave to amend because doing so would prejudice the Defendant. The Plaintiff's proposed amendments would add two new causes of action (wrongful discharge and breach of contract) and new fact allegations after the close of discovery and after the Defendant filed a motion for summary judgment based on the original pleadings. If the Court were to grant the Plaintiff's motion, the Defendant would be obligated to file an amended answer and, in all likelihood, an amended summary judgment motion. The parties might also need to conduct further discovery.

Furthermore, the Plaintiff has not acted diligently. Because the proposed amendments do not appear to result from newly discovered facts, he could have amended the complaint much earlier in the litigation. *See Naden v. Saga Software, Inc.*, 11 Fed. App'x 381, 383 (4th Cir. 2001) (holding that allowing a plaintiff to file an amended complaint after the defendant filed a summary judgment when no newly discovered facts were alleged did not satisfy the Rule 15(a) standard for amendment).

For these reasons, the Court concludes that the Plaintiff has failed to show that justice requires granting him leave to amend under Rule 15(a)(2).

## IV. CONCLUSION

Because the Plaintiff has failed to satisfy the standard for amendment under either Rule 15(a) or Rule 16(b), the Court DENIES his motion for leave to amend. Upon due consideration, the Court GRANTS the Plaintiff's motion to extend and DIRECTS him to file his response to the Defendant's motion for summary judgment within fourteen (14) days of this Order.

Let the Clerk send a copy of this Memorandum Opinion to all parties of record.

An appropriate order shall issue.

> _____/s/_____
> James R. Spencer
> Chief United States District Judge

ENTERED this   29th   day of August 2011.